1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  ROBERT BIRNBAUM,                    )
                                       )    2:13-cv-00095-GEB-KJN
9               Plaintiff,             )
                                       )
10        v.                           )    ORDER RE: SETTLEMENT AND
                                       )    DISPOSITION
11  THE VALSPAR CORPORATION, and       )
   DOES 1 through 5, inclusive         )
12                                     )
                Defendants.            )
13  _____

14        The parties filed a "Notice of Settlement" on April 24, 2013,

15  in which they state: "[the parties] have agreed on a settlement of this

16  matter[,]" and "expect that a stipulated request for dismissal with

17  prejudice will be filed with this Court on or before May 31, 2013." (ECF

18  No. 12, 2:1-5.)

19        Therefore, a dispositional document shall be filed no later

20  than May 31, 2013. Failure to respond by this deadline may be construed

21  as consent to dismissal of this action without prejudice, and a

22  dismissal order could be filed.  See E.D. Cal. R. 160(b) ("A failure to

23  file dispositional papers on the date prescribed by the Court may be

24  grounds for sanctions.").

25        Further, the Status Conference scheduled for hearing on June

26  10, 2013, is continued to commence at 9:00 a.m. on June 24, 2013, in the

27  event no dispositional document is filed, or if this action is not

28

1

1 │ otherwise dismissed.[1]  A joint status report shall be filed fourteen (14)

2 │ days prior to the status conference.

3 │        IT IS SO ORDERED.

4 │ Dated:  April 24, 2013

5 │

6 │ _____
      GARLAND E. BURRELL, JR.

7 │       Senior United States District Judge

8 │

9 │

10 │

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │ _____

26 │     [1]    The status conference will remain on calendar, because the mere representation that a case has been settled does not justify

27 │ vacating a scheduling proceeding. <u>Cf.</u> <u>Callie v. Near</u>, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been

28 │ settled does not necessarily establish the existence of a binding settlement agreement).